[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10995
Non-Argument Calendar

_____

D.C. Docket No. 9:13-cr-80230-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY P. PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Stanley Phillips appeals his convictions for eight counts of wire fraud, in violation of 18 U.S.C. § 1343.  Although the issues were not advanced in District Court, he raises on appeal these issues:

(1)     Whether venue was proper in the Southern District of Florida;

(2)     Whether the fraudulent e-mail at issue in Count One was sent in furtherance of a fraudulent scheme; and

(3)     Whether Counts Two through Eight of Phillips's indictment were multiplicitous.

First, Phillips waived his objection to venue by not challenging it in the district court. *See United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). The superseding indictment itself laid out the facts being alleged and included the locations of each of the players in the scheme, thereby putting Phillips on notice of any alleged defect in venue from the moment the indictment was filed.

Second, Count One of his indictment properly alleged a fraudulent transmission because the pertinent e-mail was sent in furtherance of Phillips's scheme to defraud.  The elements of wire fraud under 18 U.S.C. § 1343 are (1) the intentional participation in a scheme to defraud and (2) the use of the interstate

wires in furtherance of the scheme. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). The defendant need not have sent the wire, but rather the wire need only be reasonably foreseeable. Id. at 1270, 1272. It is not necessary that the transmitted information include any misrepresentation or for the transmission itself to be essential to the success of the scheme to defraud, but it can be "incident to an essential part of the scheme" or "a step in the plot." Id. at 1272-73 (quoting *Schmuck v. United States*, 489 U.S. 705, 710-11, 109 5. Ct. 1443, 1447-48, 103 L. Ed. 2d 734 (1989)). Thus, a "routine and innocent" mailing can form the basis of a wire-fraud conviction if it was an essential part of the scheme. *See Schmuck*, 489 U.S. at 713-14, 109 S. Ct. at 1449-50 (holding that the mailing of innocent title applications after a fraudulent sale took place to complete the transaction was part of a fraudulent scheme because they were necessary for the passage of title); *United States v. Waymer*, 55 F.3d 564, 569-70 (11th Cir. 1995) (holding that the innocent act of mailing checks supplied the mailing element for the defendant's mail-fraud conviction because the mailings were in furtherance of the scheme to defraud).

Here, although the e-mail that Smejkal sent to Phillips was merely the transmission of an invoice template that did not include misrepresentations, it was a step in furtherance of Phillips's plot to defraud AWA and HSIII. *See Hasson*, 333 F.3d at 1270.  After receiving the template from Smejkal's husband, Phillips

3

used that template to create and send the fraudulent invoices to AWA and HSIII, which were the subject of the wire-fraud charges.

Although Phillips argues that *Schmuck* and *Waymer* may imply that a mailing that is not necessary for a scheme or upon which a scheme was not dependent, is insufficient to be considered "in furtherance" of a fraudulent scheme, *Hasson* states that a transmission "need not be essential to the success of a scheme to defraud," as long as it is "incident to an essential part of the scheme." *Schmuck*, 489 U.S. at 713; *Waymer*, 55 F.3d at 569; *Hasson*, 333 F.3d at 1270.  Because the invoice template was incident to an essential part of the scheme, namely, the creation of fraudulent invoices, the district court did not err on Phillips's conviction on Count One.

Third, Phillips waived his objection to the multiplicity of his indictment by not challenging the issue before trial.  *See United States v. Mastrangelo,* 733 F.2d 793, 800 (11th Cir. 1982).  Phillips's indictment provided sufficient factual information for him to mount a challenge to any alleged multiplicity for Counts Two through Eight before trial, as the indictment included details about the date, subject matter, and context of the e-mails at issue in each count.

AFFIRMED.

4